**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | |
| Plaintiffs, | Case No. 4:21-cv-00671-ALM |
| v. | JURY TRIAL DEMANDED |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, hereby submits this Answer, these Affirmative Defenses, and these Counterclaims in response to the Complaint (the "Complaint") filed by Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. ("Wapp" or "Plaintiffs").  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization.  Wells Fargo denies any allegations that may be implied or inferred from the headings of the Complaint.

Defendant reserves the right to amend or supplement this pleading.

## PARTIES

1.      Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.      Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.      Wells Fargo admits that it is a federal chartered national banking association organized and existing under the laws of the United States, having a principal place of business at 101 North Philips Avenue, Sioux Falls, South Dakota 57104.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Wells Fargo admits that this Court has subject matter jurisdiction over this case for alleged patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Wells Fargo admits that venue is proper in this district under 28 U.S.C. §1400(b).  Wells Fargo denies that this district is a convenient forum for this case and reserves the right to move under 28 U.S.C. §1404(a) to transfer this case to a different district.  Except as expressly admitted, Wells Fargo denies all remaining allegations in Paragraph 4.

5.      Wells Fargo admits that it regularly conducts business in Texas and has regular and established places of business in this district.  Otherwise, unless explicitly admitted, Wells Fargo denies the allegations in Paragraph 5.

6.      Wells Fargo admits the allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

7.      Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8.      Wells Fargo lacks sufficient information and belief to respond to the allegations in Paragraph 8.

9.      Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12.     Wells Fargo admits that the image in Paragraph 12 of the Complaint is depicted at the hyperlink included in Paragraph 12.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore denies the same.

13.     Wells Fargo admits that the image in Paragraph 13 of the Complaint is depicted at the hyperlink included in Paragraph 13.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and therefore denies the same.

14.     Wells Fargo admits that the images in Paragraph 14 of the Complaint are depicted at the hyperlinks included in Paragraph 14.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and therefore denies the same.

15.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19.     Wells Fargo admits that the image in Paragraph 19 of the Complaint is depicted at the hyperlink included in Paragraph 19.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies the same.

20.     Wells Fargo admits that the image in Paragraph 20 of the Complaint is depicted at the hyperlink included in Paragraph 20.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and therefore denies the same.

21.     Wells Fargo admits that the images in Paragraph 21 of the Complaint are depicted at the hyperlinks included in Paragraph 21.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore denies the same.

22.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23.     Wells Fargo admits that the image in Paragraph 23 of the Complaint is depicted at the hyperlink included in Paragraph 23.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies the same.

24.     Wells Fargo admits that the image in Paragraph 24 of the Complaint is depicted at the hyperlink included in Paragraph 24.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies the same.

28.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30.     Wells Fargo denies the allegations in Paragraph 30.

**U.S. Patent 8,924,192**

31.     Wells Fargo admits that, according to the face of the '192 Patent, on December 30, 2014, the United States Patent and Trademark Office ("USPTO") purported to issue United States Patent No. 8,924,192 (the "'192 Patent") titled "Systems Including Network Simulation for Mobile Application Development and Online Marketplaces for Mobile Application Distribution, Revenue Sharing, Content Distribution, or Combinations thereof" on an application filed November 9, 2012, United States Patent Application Serial No. 13/673,692, and that the '192 Patent purports to be a continuation of United States Patent Application Serial No. 12/759,543, filed April 13, 2010, which purports to be a continuation of United States Patent Application Serial No. 11/449,958, filed June 9, 2006, and issued as United States Patent No. 7,813,910, on October 12, 2012, which application purports to claim priority to United States Patent Application Serial No. 60/689,101,

filed June 10, 2005.   Unless specifically admitted, Wells Fargo denies the allegations in Paragraph 31.

32.     Wells Fargo denies the allegations in Paragraph 32.

33.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     Wells Fargo denies the allegations in Paragraph 34.

35.     Wells Fargo denies the allegations in Paragraph 35.

36.     Wells Fargo denies the allegations in Paragraph 36.

37.     Wells Fargo denies the allegation in Paragraph 37 that the '192 Patent represents a substantial technical improvement in the area of authoring mobile applications.   As to the remaining allegations in Paragraph 37 of the Complaint, Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of them and therefore denies the same.

**U.S. Patent 9,298,864**

38.     Wells Fargo admits that, according to the face of the '864 Patent, on March 29, 2016, the USPTO purported to issue United States Patent No. 9,298,864 (the "'864 Patent") titled "System Including Network Simulation for Mobile Application Development" on an application filed November 19, 2013, United States Patent Application Serial No. 14/084,321, and that the '864 Patent purports to be a divisional of United States Application Serial No. 12/705,913, filed February 15, 2010 (now United States Patent No. 8,589,140), which purports to claim priority to United States Patent Application Serial No. 61/152,934, filed February 16, 2009, and purports to be a continuation-in-part of United States Patent Application Serial No. 11/449,958, filed June 9, 2006 (now U.S. Patent No. 7,813,910), which purports to claim priority to United States Patent

Application Serial No. 60/689,101, filed June 10, 2005.  Unless specifically admitted, Wells Fargo denies the allegations in Paragraph 38.

39.     Wells Fargo denies the allegations in Paragraph 39.

40.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies the same.

41.     Wells Fargo denies the allegations in Paragraph 41.

42.     Wells Fargo denies the allegations in Paragraph 42.

43.     Wells Fargo denies the allegations in Paragraph 43.

44.     Wells Fargo denies the allegation in Paragraph 44 that the '864 Patent represents a substantial technical improvement in the area of authoring mobile applications.   As to the remaining allegations in Paragraph 44 of the Complaint, Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of them and therefore denies them.

**U.S. Patent 9,971,678**

45.     Wells Fargo admits that, according to the face of the '678 Patent, on May 15, 2018, the USPTO purported to issue United States Patent No. 9,971,678 (the "'678 Patent") titled "Systems Including Device and Network Simulation for Mobile Application Development" on an application filed December 23, 2014, United States Patent Application Serial No. 14/581,475, and that the '678 Patent purports to be a continuation of United States Patent Application Serial No. 13/673,692, filed November 9, 2012 and issued as United States Patent No. 8,924,192, on December 30, 2014, which purports to be a continuation of United States Patent Application Serial No. 12/759,543, filed April 13, 2010 and issued as United States Patent No. 8,332,203, on December 11, 2012, which purports to be a continuation of United States Patent Application Serial No. 11/449,958, filed June 9, 2006 and issued as United States Patent No. 7,813,910, on

October 12, 2010, which application purports to claim priority to United States Patent Application Serial No. 60/689,101, filed June 10, 2005.  Unless specifically admitted, Wells Fargo denies the allegations in Paragraph 45.

46.     Wells Fargo denies the allegations in Paragraph 46.

47.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies the same.

48.     Wells Fargo denies the allegations in Paragraph 48.

49.     Wells Fargo denies the allegations in Paragraph 49.

50.     Wells Fargo denies the allegations in Paragraph 50.

51.     Wells Fargo denies the allegation in Paragraph 51 that the '678 Patent represents a substantial technical improvement in the area of authoring mobile applications.   As to the remaining allegations in Paragraph 51 of the Complaint, Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of them and therefore denies them.

**U.S. Patent 10,353,811**

52.     Wells Fargo admits that, according to the face of the '811 Patent, on July 16, 2019, the USPTO purported to issue United States Patent No. 10,353,811 (the "'811 Patent") titled "System for Developing and Testing a Mobile Application" on an application filed May 14, 2018, United States Patent Application Serial No. 15/979,330, and that the '811 Patent purports to be a continuation of U.S. Patent Application Serial No. 14/581,475, filed December 23, 2014, which purports to be a continuation of United States Patent Application Serial No. 13/673,692, filed November 9, 2012, and issued as United States Patent No. 8,924,192, on December 30, 2014, which purports to be a continuation of United States Patent Application Serial No. 12/759,543, filed April 13, 2010, and issued as United States Patent No. 8,332,203, on December 11, 2012,

which purports to be a continuation of United States Patent Application Serial No. 11/449,958, filed June 9, 2006, and issued as United States Patent No. 7,813,910, on October 12, 2010, which application purports to claim priority to United States Patent Application Serial No. 60/689,101, filed June 10, 2005.  Unless specifically admitted, Wells Fargo denies the allegations in Paragraph 52.

53.     Wells Fargo denies the allegations in Paragraph 53.

54.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies the same.

55.     Wells Fargo denies the allegations in Paragraph 55.

56.     Wells Fargo denies the allegations in Paragraph 56.

57.     Wells Fargo denies the allegations in Paragraph 57.

**U.S. Patent 10,691,579**

58.     Wells Fargo admits that, according to the face of the '579 Patent, on June 23, 2020, the USPTO purported to issue United States Patent No. 10,691,579 (the "'579 Patent") titled "Systems Including Device and Network Simulation for Mobile Application Development" on an application filed March 28, 2016, United States Patent Application Serial No. 15/083,186.  The '579 Patent purports to be a division of United States Patent Application Serial No. 14/084,321, filed November 19, 2013 (now U.S. Patent No. 9,298,864), which purports to claim priority to United States Patent Application Serial No. 12/705,913, filed February 15, 2010 (now U.S. Patent No. 8,589,140), which purports to claim priority to United States Patent Application Serial No. 61/152,934, filed February 16, 2009, and purports to be a continuation-in-part of United States Patent Application Serial No. 11/449,958, filed June 9, 2006 (now U.S. Patent No. 7,813,910),

which purports to claim priority to United States Patent Application Serial No. 60/689,101, filed June 10, 2005.  Unless specifically admitted, Wells Fargo denies the allegations in Paragraph 58.

59.     Wells Fargo denies the allegations in Paragraph 59.

60.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies the same.

61.     Wells Fargo denies the allegations in Paragraph 61.

62.     Wells Fargo denies the allegations in Paragraph 62.

63.     Wells Fargo denies the allegations in Paragraph 63.

### *Infringement by Wells Fargo*

64.     Wells Fargo admits that the hyperlink in footnote 20 in Paragraph 64 of the Complaint leads to a webpage that displays Wells Fargo's Unites States Securities and Exchange Commission Form 10-Q for the second quarter of the year 2021, and Wells Fargo admits to the truth of the information contained in its Unites States Securities and Exchange Commission Form 10-Q for the second quarter of the year 2021.  Unless specifically admitted, Wells Fargo denies the allegations in Paragraph 64.

65.     Wells Fargo admits that it has mobile banking applications that are available in Apple's and Google's application stores.  Unless specifically admitted, Wells Fargo denies the allegations in Paragraph 65.

66.     Wells Fargo denies the allegation in Paragraph 66 that it uses both Xcode and Android Studio in a manner that infringes the Patents in Suit.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint and therefore denies the same.

67.     Wells Fargo denies the allegations in Paragraph 67.

68.     Wells Fargo admits that it employs engineers and computer scientists that work on its mobile applications.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Complaint and therefore denies the same.

69.     Wells Fargo admits that it employs engineers and computer scientists to work on its mobile applications.   Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 69 of the Complaint.

70.     Wells Fargo denies the allegations in Paragraph 70.

**Pending Suit Against Wells Fargo**

71.     Wells Fargo admits that on July 16, 2018, Plaintiffs filed Civil Action No. 4:18-cv-501 against Wells Fargo & Co. in the Eastern District of Texas for the infringement of the '678, '864, and '192 Patents and that the Complaint in that case contains the phrase "[c]ertain Micro Focus software products."  Wells Fargo admits that the Complaint in Civil Action No. 4:18-cv-501 included infringement charts as exhibits that described "HP LoadRunner, HP Performance Center, Shunra Network Virtualization, HP Network Virtualization engine, HP Network Virtualization for Mobile, HP Network Capture, and/or any Micro Focus products related to any of the foregoing" as "Accused System[s]."  Wells Fargo denies the allegation that "the Court understood the infringement suit to be based on use of 'certain software products once owned by Hewlett-Packard Enterprise Company ("HP") and now owned by Micro Focus International plc ("Micro Focus") and its subsidiaries.'"  Wells Fargo admits, however, that the order Paragraph 71 cites speaks for itself.  Wells Fargo denies the remaining allegations in Paragraph 71.

72.     Wells Fargo admits that Plaintiffs also asserted claims of patent infringement against Micro Focus.  Wells Fargo admits that it filed a motion to stay and that the motion speaks

for itself.  Wells Fargo admits that Plaintiffs filed a notice of non-opposition to the motion to stay. Wells Fargo admits that the Court granted its motion to stay.  Wells Fargo admits that the joint status report filed on June 11, 2021 speaks for itself.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 72 of the Complaint and therefore denies the same.

73.     Wells Fargo denies the allegations in Paragraph 73.

74.     Wells Fargo denies the allegations in Paragraph 74.

75.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies the same.

76.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore denies the same.

**Patents Asserted in the Pending Proceeding**

77.     Wells Fargo admits that the '192, '864, and '678 Patents were asserted in the proceeding that Paragraph 77 of the Complaint mentions.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 77 of the Complaint.

78.     Wells Fargo admits that Paragraph 78 accurately quotes Claim 1 of the '192 Patent. Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 78 of the Complaint.

79.     Wells Fargo denies the allegations in Paragraph 79 of the Complaint.

80.     Wells Fargo denies the allegations in Paragraph 80 and denies that it has infringed any Patent in Suit.

81.     Wells Fargo admits that Paragraph 81 accurately quotes Claim 1 of the '864 Patent. Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 81 of the Complaint.

82.     Wells Fargo denies the allegations in Paragraph 82 of the Complaint.

83.     Wells Fargo denies the allegations in Paragraph 83 and denies that it has infringed any Patent in Suit.

84.     Wells Fargo admits that Paragraph 84 accurately quotes Claim 45 of the '678 Patent.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 84 of the Complaint.

85.     Wells Fargo denies the allegations in Paragraph 85 of the Complaint.

86.     Wells Fargo denies the allegations in Paragraph 86 and denies that it has infringed any Patent in Suit.

87.     Wells Fargo denies the allegations in Paragraph 87.

**Newly Asserted Patents**

88.     Wells Fargo admits that the Complaint includes two patents not asserted in what Paragraph 88 of the Complaint refers to as the Pending Proceeding.  Wells Fargo admits that the '811 and '579 Patents, on their face, purport to have issued after what Paragraph 88 of the Complaint refers to as the Pending Proceeding was filed.  Except as expressly admitted, Wells Fargo denies the allegations of Paragraph 88.

89.     Wells Fargo admits that Paragraph 89 accurately quotes Claim 1 of the '811 Patent.

90.     Wells Fargo admits that Paragraph 90 accurately quotes claim language from the '811 Patent.  Wells Fargo denies the remaining allegations in Paragraph 90.

91.     Wells Fargo admits that Paragraph 91 accurately quotes Claim 15 of the '579 Patent.

92.     Wells Fargo admits that Paragraph 92 accurately quotes claim language from the '579 Patent.  Wells Fargo denies the remaining allegations in Paragraph 92.

## COUNT I

93.     Wells Fargo repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

94.     Wells Fargo denies the allegations in Paragraph 94.

95.     Wells Fargo denies the allegations in Paragraph 95.

96.     Wells Fargo denies the allegations in Paragraph 96.

97.     Wells Fargo denies the allegations in Paragraph 97.

98.     Wells Fargo denies the allegations in Paragraph 98.

99.     Wells Fargo denies the allegations in Paragraph 99.

100.    Wells Fargo denies the allegations in Paragraph 100.

## COUNT II

101.    Wells Fargo repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above

102.    Wells Fargo denies the allegations in Paragraph 102.

103.    Wells Fargo denies the allegations in Paragraph 103.

104.    Wells Fargo denies the allegations in Paragraph 104.

105.    Wells Fargo denies the allegations in Paragraph 105.

106.    Wells Fargo denies the allegations in Paragraph 106.

107.    Wells Fargo denies the allegations in Paragraph 107.

108.    Wells Fargo denies the allegations in Paragraph 108.

## **COUNT III**

109.    Wells Fargo repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

110.    Wells Fargo denies the allegations in Paragraph 110.

111.    Wells Fargo denies the allegations in Paragraph 111.

112.    Wells Fargo denies the allegations in Paragraph 112.

113.    Wells Fargo denies the allegations in Paragraph 113.

114.    Wells Fargo denies the allegations in Paragraph 114.

115.    Wells Fargo denies the allegations in Paragraph 115.

116.    Wells Fargo denies the allegations in Paragraph 116.

## **COUNT IV**

117.    Wells Fargo repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

118.    Wells Fargo denies the allegations in Paragraph 118.

119.    Wells Fargo denies the allegations in Paragraph 119.

120.    Wells Fargo denies the allegations in Paragraph 120.

121.     Wells Fargo denies the allegations in Paragraph 121

122.     Wells Fargo denies the allegations in Paragraph 122.

123.     Wells Fargo denies the allegations in Paragraph 123.

124.     Wells Fargo denies the allegations in Paragraph 124.

## COUNT V

125.     Wells Fargo repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

126.     Wells Fargo denies the allegations in Paragraph 126.

127.     Wells Fargo denies the allegations in Paragraph 127.

128.     Wells Fargo denies the allegations in Paragraph 128.

129.     Wells Fargo denies the allegations in Paragraph 129.

130.     Wells Fargo denies the allegations in Paragraph 130.

131.     Wells Fargo denies the allegations in Paragraph 131.

132.     Wells Fargo denies the allegations in Paragraph 132.

## COUNT VI

133.     Wells Fargo repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

134.     Wells Fargo admits that on July 2, 2018, Plaintiffs filed a patent-infringement lawsuit against Micro Focus International PLC (the "Manufacturer Suit").  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 134 of the Complaint.

135.    Wells Fargo admits that in the Manufacturer Suit, Plaintiffs asserted the '192, '864, and '678 Patents.   Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 135 of the Complaint.

136.    Wells Fargo admits that the jury trial in the Manufacturer Suit began on March 1, 2021.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 136 of the Complaint.

137.    Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint.

138.    Wells Fargo admits that Micro Focus presented some limited expert testimony regarding its invalidity defense in the trial of the Manufacturer Lawsuit.   Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 138 of the Complaint.

139.    Wells Fargo admits that, after the close of evidence in the Manufacturer Lawsuit, Wapp moved for judgment as a matter of law on Micro Focus's invalidity defense.   Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 139 of the Complaint.

140.    Wells Fargo admits that on April 22, 2021, the court in the Manufacturer Lawsuit signed the document at Docket Number 487 titled "Final Judgment" and that Docket Number 487 contains the phrase, "Pursuant to the Memorandum Opinion and Order entered on this date." Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 140 of the Complaint.

141.    Wells Fargo admits that the court in the Manufacturer Lawsuit granted Wapp's motion for judgment as a matter of law regarding validity.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 141 of the Complaint.

142.     Wells Fargo admits that the "Final Judgment" at Docket Number 487 in the Manufacturer Lawsuit awarded $172,554,269.00 to Wapp.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 142 of the Complaint.

143.     Wells Fargo denies the allegations in Paragraph 143 of the Complaint.

144.     Wells Fargo admits that on July 16, 2018, Wapp filed a patent-infringement lawsuit against Wells Fargo & Co. (the "Pending Proceeding").  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 144 of the Complaint.

145.     Wells Fargo admits that in the Pending Proceeding, Wapp asserted the '192, '864, and '678 Patents.   Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 145 of the Complaint.

146.     Wells Fargo admits that in the Pending Proceeding, on June 11, 2020, Wells Fargo Bank, N.A. was joined as a defendant, and Wells Fargo & Co. was dismissed without prejudice.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 146 of the Complaint.

147.     Wells Fargo admits that in the Pending Proceeding, on October 30, 2020, Wells Fargo Bank, N.A. filed a motion to stay.  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 147 of the Complaint.

148.     Wells Fargo admits that Docket Number 137 in the Pending Proceeding states, "Wells Fargo hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity."  Except as expressly admitted, Wells Fargo denies the allegations in Paragraph 148 of the Complaint.

149.     Wells Fargo denies the allegations in Paragraph 149 of the Complaint.

150.     Wells Fargo denies the allegations in Paragraph 150 of the Complaint.

## PRAYER FOR RELIEF

The allegations in the paragraphs requesting relief are in the nature of a prayer.  Although no answer is required, Wells Fargo denies any and all liability for any alleged conduct and denies each and every allegation set forth in the Complaint that is not specifically admitted to or otherwise responded to herein.  Wells Fargo further denies that it infringes or has infringed any valid and enforceable claim of the Patents in Suit.  Wells Fargo further denies that Wapp is entitled to any relief requested, including damages, reasonable royalties, supplemental damages, enhanced damages, attorneys' fees, expert witness fees, injunctive relief, or any other relief of any kind, including, without limitation, the relief requested in Paragraphs 151–158 of Plaintiffs' Prayer for Relief.

## DEMAND FOR JURY TRIAL

Wells Fargo admits that the Complaint purports to demand a trial by jury on all issues so triable.

## WELLS FARGO'S AFFIRMATIVE DEFENSES

By way of further answer, Wells Fargo alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  For its affirmative defenses to the Complaint, Wells Fargo alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

Wells Fargo does not infringe and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, willfully, or in any other way, any valid, enforceable claim of the Patents in Suit.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

One or more claims of the Patents in Suit are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel/Disclaimer)

By reason of the proceedings in the U.S. Patent and Trademark Office during prosecution of the applications for the Patents in Suit and related patents, Plaintiffs are estopped from using the doctrine of equivalents to claim infringement of the asserted claims as alleged in the Complaint, and/or Plaintiffs are barred from an interpretation of any claim term that includes scope that was disavowed or disclaimed during prosecution.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Each of Plaintiffs' claims is barred or limited by the doctrines of waiver, unclean hands, implied license, and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Time Limitation on Damages)

Plaintiffs' recovery for alleged infringement of the Asserted Patent, if any, is limited to any established infringement occurring no more than six years before the filing of this lawsuit, pursuant to 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE

### (Patent Marking/Limitations on Damages and Costs)

Plaintiffs' recovery for alleged infringement of the Asserted Patent, if any, is limited to alleged infringement committed after Plaintiffs provided actual or constructive notice of infringement under 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation on Damages for Infringement by U.S. Government)

Plaintiffs' recovery for alleged infringement of the Asserted Patent, if any, is limited pursuant to 35 U.S.C. § 1498 to the extent that any alleged infringement, in whole or part, is attributable to the United States government.

## TENTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

The Complaint fails to state a claim for relief against Wells Fargo that would qualify this as an exceptional case under 35 U.S.C. § 285.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Issue Preclusion)

Plaintiffs' claims are barred by issue preclusion.

## TWELFTH AFFIRMATIVE DEFENSE

### (Claim Preclusion)

Plaintiffs' claims are barred by claim preclusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prior Commercial Use)

Defendant is entitled to a defense under 35 U.S.C. § 273.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

To the extent that Plaintiffs did not have all rights or all substantial rights in the Asserted Patents as of the filing date of the Complaint, Plaintiffs lack standing to bring one or more claims in this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Affirmative Defenses)

Wells Fargo reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

Date: October 20, 2021

Respectfully submitted,

 /s/ *Thomas M. Melsheimer*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com

Katrina G. Eash
State Bar No. 24074636
KEash@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX  75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

E. Danielle T. Williams
North Carolina Bar No. 23283
**WINSTON & STRAWN LLP**
300 S. Tryon Street, 16th floor
Charlotte, NC  28202
Telephone: (704) 350-7790
Facsimile: (704) 350-7800
dwilliams@winston.com

***ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A.***

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 20, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ E. Danielle T. Williams
E. Danielle T. Williams
