# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br> *Defendant*. | Civil Action No. 4:21-cv-00671 <br><br> JURY TRIAL DEMANDED |

## DEFENDANT WELLS FARGO BANK, N.A.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE MOTION TO TRANSFER VENUE

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") respectfully requests a 30-day extension of its time to file a motion to transfer venue, to Wednesday, January 19, 2022 (because of the Martin Luther King holiday). Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp" or "Plaintiffs") do not oppose this motion.

The Court should extend the time for Wells Fargo to potentially file a motion to transfer to give Wells Fargo a reasonable opportunity, which Wells Fargo has not yet had, to obtain and to evaluate discovery from third-parties Apple Inc. ("Apple") and Google LLC ("Google"). Wapp's allegations of patent infringement are based on the assertion that Wells Fargo has infringed the Patents in Suit by using Apple's Xcode and Google's Android Studio to develop mobile applications. *See generally* Dkt. 1, Compl. Wapp's allegations depend entirely on alleged use of Apple's Xcode and Google's Android Studio rather than any particular aspect of Wells Fargo's mobile applications. Thus, discovery from Apple and Google is central to the merits of Wapp's case, as well as Wells Fargo's investigation of the appropriateness of a potential transfer to a more convenient forum.

Wells Fargo believes third parties Apple and Google designed, developed, and maintain Xcode and Android Studio, outside of the Eastern District of Texas and potentially in the Northern District of California, the location of both companies' headquarters and large workforces.  Wells Fargo also believes relevant technical documentation and source code pertaining to Xcode and Android Studio are located outside of the Eastern District of Texas and potentially in the Northern District of California.  But without necessary third-party discovery from Apple and Google, Wells Fargo cannot evaluate these beliefs or determine whether a motion to transfer makes sense.

Absent an extension of time, Wells Fargo's motion to transfer would be due on December 16, 2021, which would severely prejudice Wells Fargo's ability to obtain and to evaluate the necessary discovery from Apple and Google.  Diligently anticipating the need for evidence regarding a potential motion to transfer, Wells Fargo served a subpoena for documents on Apple on October 20, 2021, and Google on November 9, 2021, prior to the Parties' Rule 26(f) conference. Ex. 1, Apple Subpoena; Ex. 2, Google Subpoena.  The subpoenas requested documents relevant to Wells Fargo's potential motion to transfer.  For example, the Apple subpoena requested:

> 8. Documents sufficient to identify Your current and former employees most knowledgeable regarding Xcode, Simulator, and Network Link Conditioner, the location where such persons reside and regularly work, the persons' job titles or former job titles at Your company, and the nature of such persons' knowledge of Xcode, Simulator, and Network Link Conditioner.
>
> 9. Documents sufficient to show whether any of Your current or former employees knowledgeable regarding Xcode, Simulator, and Network Link Conditioner reside or regularly work in the Eastern District of Texas.
>
> 10. Documents sufficient to show where You currently store the documents covered by the above requests and where You will store such documents for the next two years after the service of these requests.
>
> 11. Documents sufficient to identify any information covered by the above requests that is physically stored in the Eastern District of Texas.

Ex. 1.  And the Google subpoena requested:

>   6. Documents sufficient to identify your current and former employees most knowledgeable regarding Android Studio and Android Emulator, the location where such persons reside and regularly work, the persons' job titles or former job titles at your company, and the nature of such persons' knowledge of Android Studio and Android Emulator.
>
>   7. Documents sufficient to show whether any of your current or former employees knowledgeable regarding Android Studio and Android Emulator reside or regularly work in the Eastern District of Texas.
>
>   8. Documents sufficient to show where you currently store the documents covered by the above requests and where you will store such documents for the next two years after the service of these requests.
>
>   9. Documents sufficient to identify any information covered by the above requests that is physically stored in the Eastern District of Texas.

Ex. 2. As of today, and largely due to the Thanksgiving holiday, Apple and Google have not been able to produce materials responsive to Wells Fargo's requests, but they have assured Wells Fargo they are working to compile responsive materials and produce them soon.

Wells Fargo seeks a 30-day extension to provide sufficient time to obtain and to evaluate relevant third-party discovery from Google and Apple regarding a potential motion to transfer. This 30-day extension is necessary for Wells Fargo to receive and evaluate information it receives from Google and Apple in light of the holiday season.

Additionally, a 30-day extension of the motion-to-transfer deadline will not prejudice Wapp because this case remains in the early stages, with the parties having held their Rule 26(f) conference only last Thursday, December 2, 2021, and with the Case Management Conference scheduled for January 6, 2022. The parties have not exchanged initial disclosures, nor has Wapp provided infringement contentions. Moreover, a 30-day extension would not delay the overall case schedule because moving the motion-to-transfer deadline will have no effect on other case deadlines. With a motion to transfer filed by January 19, 2022, briefing would still be completed

well in advance of the Court's proposed claim construction hearing date of Friday, July 1, 2022. *See* Dkt. 25, Order Governing Proceedings.

    For the foregoing reasons, Wells Fargo respectfully requests that the Court extend the motion-to-transfer deadline to Wednesday, January 19, 2022.

Dated: December 7, 2021

Respectfully submitted,

/s/ *Thomas M. Melsheimer*
Thomas M. Melsheimer
Texas State Bar No. 13922550
TMelsheimer@winston.com
Katrina G. Eash
Texas State Bar No. 24074636
KEash@winston.com
William G. Fox Jr.
Texas State Bar No. 24101766
wfox@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Elizabeth Danielle T. Williams
North Carolina State Bar No. 23283
DWilliams@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7790
Facsimile: (704) 350-7800
**Attorneys for Defendant
WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically and will be served on all counsel of record via CM/ECF on December 7, 2021.

/s/ *Katrina G. Eash*
Katrina G. Eash

## CERTIFICATE OF CONFERENCE

On December 7, 2021, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff does not oppose the relief sought by this Motion.

/s/ *Katrina G. Eash*
Katrina G. Eash