IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| *Plaintiffs,* | § § | Case No. 4:21-cv-00671-ALM |
| v. | § § | Jury Trial Demanded |
| WELLS FARGO BANK, N.A., | § § | |
| *Defendants.* | § § § | |

## JOINT RULE 26(f) CONFERENCE REPORT

The parties in the above-captioned case have conferred as required by Fed. R. Civ. P. 26(f) and the Court's Order Governing Proceedings ("Order") and file this joint report.

The Rule 26(f) conference was held on December 2, 2021. Leslie Payne, Allan Bullwinkel, and Drew Kim participated on behalf of Wapp Tech Limited Partnership and Wapp Tech Corp. ("Wapp" or "Plaintiffs"). Katrina Eash participated on behalf of Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). For purposes of case coordination with respect to discovery and claim construction, counsel for Bank of America (Case No. 4:21-cv-670) also participated, specifically, Marc Pensabene and Timothy Durst.

1. **Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B**

The parties agree to the case deadlines set forth in the proposed scheduling order attached as **Exhibit 1**. If the Court is amenable, the parties request that the Markman hearing scheduled for July 1, 2022, be rescheduled for one day earlier, June 30, 2022, due to a scheduling conflict.

    a.    **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses**

1

The parties agree that they will let each other know if they believe claim construction experts are needed no later than February 17, 2022.

    **b.**    **The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R.4-3 has been filed**

The parties do not believe that a claim construction pre-hearing conference is necessary.

**2.**    **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated**

The parties agree that mediation is likely appropriate in this case, but also unlikely to be helpful at this early juncture. The parties will discuss potential mediators and a deadline by which a mediation must occur.

**3.**    **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories**

The parties agree to the following modifications on discovery set forth in the Order Governing Proceedings (Dkt. No. 22):

    **a.**    **Interrogatories**

        i.    Plaintiffs may serve up to 7 common interrogatories on Wells Fargo and Bank of America and up to 18 individual interrogatories on Wells Fargo.

        ii.    Wells Fargo and Bank of America may collectively serve up to 7 common interrogatories on Plaintiffs. Wells Fargo and Bank of America may each serve up to 18 individual interrogatories on Plaintiffs.

    **b.**    **Requests for Admission**

      i.      Plaintiffs may serve 45 requests for admission on Wells Fargo and unlimited requests for admission that seek an admission as to the authenticity of a particular document or thing.

      ii.      Wells Fargo may serve 45 requests for admission on Plaintiffs and unlimited requests for admission that seek an admission as to the authenticity of a particular document or thing.

**c.**     **Fact Depositions of Parties and Third Parties**

      i.      Plaintiffs, collectively, may take up to 40 hours of total fact deposition testimony, including depositions under Rule 30(b)(6), of Wells Fargo and third parties (not including Bank of America). If Plaintiffs take a deposition to be used in both this and the Bank of America case, such deposition shall be counted against Plaintiffs' time limit in both cases.

      ii.      Wells Fargo may take up to 40 hours of total fact deposition testimony, including depositions under Rule 30(b)(6), of Plaintiffs and third parties. To the extent reasonably possible, Wells Fargo and Bank of America shall coordinate to take joint depositions of Plaintiffs and third parties on common topics and subject matter. Wells Fargo and Bank of America shall jointly depose Donavan Poulin for no more than 10 total hours in his individual capacity. If Mr. Poulin is designated as the 30(b)(6) representative for Plaintiffs, Defendant and Bank of America shall jointly depose Mr. Poulin for no more than 10 additional hours. Time for such joint depositions

        shall be counted against the time limit for both Wells Fargo and Bank of America.

    iii.    The parties stipulate that they may take depositions on written questions of custodians of business records of third parties and such depositions shall not count against any of the deposition limits herein or in Fed.R.Civ.P. 30(a)(2)(A)(i).

    **d.**    **Third Party Discovery**

Third party responses to subpoenas and third-party documents received by a party shall be provided to all other parties within 2 business days of receipt.

    **e.**    **Expert Witnesses**

Each expert witness may be deposed for up to 7 hours for each report submitted. The seven hours must be dedicated to questioning regarding the specific report the expert witness is being deposed on. Depositions of experts do not count towards the deposition time limits prescribed in subsection (c) above.

    **4.**    **The identity of persons expected to be deposed**

Plaintiffs disclose the following persons that they expect to depose: Wells Fargo; individuals at Wells Fargo having knowledge of technical, financial, and corporate affairs concerning the accused products.

Defendant discloses the following persons that it expects to depose: (i) Donavan Poulin; (ii) individuals associated with Wapp Tech having knowledge about the conception, reduction to practice, inventorship, prosecution, and invalidity of the Patents-in-Suit, prosecution of the Patents-in-Suit and related foreign and U.S. patents and patent applications, ownership of the Patents-in-Suit, and licensing of the Patents-in-Suit; (iii) third parties concerning the technical

aspects and operation of accused products; and (iv) authenticity, publication, date, and other facts related to applicable prior art systems and references.

5. **Any issues relating to disclosure of information (electronically stored and otherwise)including the form or forms in which it should be produced and timing of production. (*See* Section E - Mandatory Disclosures.)**

The parties have agreed upon a proposed E-Discovery Order, attached as **Exhibit 2**. The parties request that the Court enter this order to govern e-discovery in this case.

6. **Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information**

The parties certify they have taken reasonable steps to ensure that documents and things relevant to this action have been (and are continuing to be) preserved. The parties understand their duties to preserve relevant information and do not believe that a preservation order is necessary.

7. **Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c)**

The parties have agreed upon a modified protective order, attached as **Exhibit 3**. The parties request that the Court enter this order for this case.

8. **Estimated trial time**

Plaintiffs estimate that a trial will require 5 days or approximately 15 hours per side.

Defendant estimates that a trial will require 5 days or approximately 18 hours per side.

9. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client)**

Plaintiffs expect that Amir Alavi from Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing PC ("AZA") and Les Payne of Heim, Payne & Chorush LLP will attend the Case Management Conference on their behalf.

Defendant expects that Danielle Williams and Katrina Eash will attend on its behalf.

**10.     Any other matters counsel deem appropriate for inclusion in the joint conference report**

**Privilege Logs:**  The parties have agreed that privilege logs will not be exchanged unless and until a request for such logs is submitted to the opposing party.  If such request is submitted, all parties will exchange privilege logs and the parties will negotiate in good faith to determine the scope of such logging.

**Rule 16 Conference:**  For the Rule 16 Management Conference on January 6, 2022, the parties are amenable to attending by video, such as Zoom, at the Court's discretion.

**Claim Construction Briefing:**  The parties and Bank of America have agreed to a consolidated claim construction process. Wapp may file a reply not to exceed 12 pages.  The parties have two disputed issues for the Court's resolution: (1) The amount of extra pages for defendant and Bank of America's consolidated responsive claim construction brief and (2) Whether defendant and Bank of America at this time should be granted leave to file a sur-reply claim construction brief.  The parties' respective positions are set forth below:

**[WELLS FARGO'S PROPOSAL]**

Wells Fargo requests a 10-page extension for its consolidated responsive claim construction brief.  Wells Fargo and Bank of America will be working together on their claim construction briefing and submitting one joint responsive brief to address all five patents asserted in both litigations.  As such, a total of 40 pages for the joint responsive brief is reasonable and necessary.

Wells Fargo also requests that the Court grant leave for Wells Fargo and Bank of America to file a 15 page joint surreply.  In prior litigation related to three of the Patents-in-Suit, Wapp took the position that the terms submitted for the Court's consideration required no construction.  *Wapp*

*Tech. Ltd. P'ship v. Seattle SpinCo, Inc.*, No. 18-cv-00469-ALM, Dkt. No. 154 at 5 ("None of the claim terms at issue requires construction"). As such, the dispute on those terms did not crystalize until Wapp filed its reply brief. In such circumstances, it is appropriate and necessary for defendants, such as Wells Fargo and Bank of America, to be permitted to respond via a surreply to arguments raised for the first time in a reply brief. Wells Fargo thus respectfully requests the opportunity to file a joint surreply of no more than 15 pages.

    **[PLAINTIFFS' PROPOSAL]**

Wapp opposes defendants' request to impose an additional brief that is not provided under the Local Patent Rules. In the prior Wapp cases, Wells Fargo, Bank of America, and Micro Focus filed identical 30 page responsive Markman briefs (C.A. No. 4:18-cv- 469, Dkt. 164; C.A. No. 4:18-cv- 501, Dkt. 70; C.A. No. 4:18-cv-519, Dkt. 69). Defendants did not file a sur-reply. Thus, Defendants followed the Local Patent Rules, and Wapp sees no reason to significantly deviate here.

As an initial matter, the Local Patent Rules do not provide for a sur-reply, and defendants are prospectively seeking an additional round of briefing before even seeing Wapp's reply brief. Thus, Defendants' concern about claim construction issues materializing in Wapp's reply brief is premature. Defendants should not be granted leave to file an additional brief based on a potential concern that has not and may not ever materialize. Wapp also notes that defendants are requesting a 15 page sur-reply that would be longer than Wapp's 12 page reply.

Moreover, the parties conducted the full claim construction process for 3 of the 5 patents-in-suit from the prior Wapp cases, which resulted in identical Markman orders (C.A. No. 4:18-cv-501, Dkt. 82; C.A. No. 4:18-cv-519, Dkt. 81). While this case does involve 2 additional patents-

in-suit, these patents are in the same family as the previously addressed 3 patents and are not expected to expand the scope of overall claim construction issues.

Thus, defendants have not established a need for a sur-reply, let alone a 15 page sur-reply, or a 40 page response brief.

Wapp does agree that defendants may have 5 additional pages for their consolidated responsive claim construction brief but believes that 10 additional pages is excessive. With 5 additional pages, defendants have up to 35 pages for their responsive brief. This is more than sufficient to address Wapp's opening brief, which will remain at no more than 30 pages.

**Statement by Wapp concerning Confidential Materials from Prior Wapp Cases**: Wapp is in possession of confidential Wells Fargo and Bank of America materials from the prior cases against defendants (C.A. Nos. 4:18-cv-501 and 4:18-cv-519). Much of this material is relevant to the present cases, including because three of the patents from the prior cases are asserted here. Wapp seeks to produce portions of this material to Wells Fargo and Bank of America in the present cases but is prohibited from doing so by the protective orders from the prior cases, which limit the use of those confidential materials to those cases. In other words, Wapp seeks to produce a defendant's own confidential material from a prior case to that defendant only but cannot do so under the prior protective orders. Wapp is discussing this issue with Wells Fargo and Bank of America and anticipates seeking modifications to the protective orders from the prior cases to allow for the production of certain prior case material in the present cases.

**Statement by Wells Fargo concerning Confidential Materials from Prior Wapp Cases**: The Parties are presently negotiating this issue and will continue to do so in good faith. At this juncture, Wells Fargo understands that Plaintiffs desire to produce the entire Wapp I file in their possession in this case to make those materials available for use here. However, given at

least the differences in the accused instrumentalities in the cases, Wells Fargo believes that much of the Wapp I materials Wapp wishes to produce in this case are irrelevant to this case. Additionally, much of those Wapp I materials also contain third-party confidential information. As the case progresses, Wells Fargo will continue to work with Wapp to identify those Wapp I materials that are relevant to this case.

Dated: December 23, 2021

Respectfully submitted,

*/s/ Amir Alavi*
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Scott W. Clark
Texas Bar No. 24007003
sclark@azalaw.com
Brian E. Simmons
Texas Bar No. 24004922
bsimmons@azalaw.com
Justin Chen
Texas Bar No. 24074024
jchen@azalaw.com
Kyung (Drew) Kim
Texas Bar No. 24007482
dkim@azalaw.com
Masood Anjom
Texas Bar No. 24055107
manjom@ azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
R. Allan Bullwinkel
State Bar No. 24064327
abullwinkel@hpcllp.com
Christopher L. Limbacher
State Bar No. 24102097
climbacher@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
1111 Bagby St., Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

J. Michael Young
SBN 00786465
myoung@somlaw.net
Roger D. Sanders
SBN 17604700
rsanders@somlaw.net
SANDERS, MOTLEY, YOUNG & GALLARDO, PLLC
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133
(903) 892-4302 (fax)

**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.**

Thomas M. Melsheimer
Texas Bar No. 13922550
tmelsheimer@winston.com
Katrina G. Eash
Texas Bar No. 24074636
keash@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, Texas 75201
Telephone: (214) 453-6500
Facsimile:  (214) 453-6400

Elizabeth Danielle T. Williams
North Carolina Bar No. 23283
dwilliams@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7790
Facsimile:  (704) 350-7800

*Attorneys for Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on December 23, 2021.  As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

                                                    /s/ *Kyung (Drew) Kim*
                                                    Kyung (Drew) Kim