IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br>*Plaintiffs,*<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>*Defendants.* | § § § § § § § § § § § § § | Case No. 4:21-cv-00671-ALM<br><br>Jury Trial Demanded |

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically StoredInformation ("ESI") production to promote a "just, speedy, and inexpensive determination" of thisaction, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. **Production Format of ESI.** A party is required to produce only one copy of each responsive document and a party shall de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) on a global scale as long as the producing party has the reasonable ability to, and does, provide information identifying the other custodians who possessed any given record or ESI in load files provided with the production.

    A. For documents originating in electronic format (except for document types for which the specifications below are inapplicable, infeasible, or unduly burdensome to

collect or produce), the exchanged load files (DAT for field information, OPT for TIFF/JPG images) shall contain unique field delimiters and, to the extent applicable, the following fields:

| Bates Begin Bates | Beginning production number |
|---|---|
| Bates End Bates | Ending production number |
| Bates Begin Attachment | Beginning attachment number used to indicate parentDocument to their attachments |
| Bates End Attachment | Ending attachment number used to indicate parent Document totheir attachments |
| Image Page Count | Number of images or pages in the Document |
| Custodian | Name of the person or entity that created, controlled orpossessed the Document |
| All Custodians | Used to identify persons or entities who possessed identicalcopies of Document |
| From | Sender of the Document |
| Email To | Recipient(s) of the Document |
| Email CC | Person(s) who received a copy of the email |
| Email BCC | Person(s) who received a blind copy of the email |
| Email Subject | The subject line of the email |
| Conversation Index | Value created by Microsoft Exchange/Outlook to indicate emailthread information |
| Author | Author metadata field populated from electronic file |
| Sent Date/Time* | Date and time that the email was sent (EST). Format example, 4/5/2017 12:00:00 AM |
| Received Date/Time* | Date and time that the email was received (EST).  Format example, 4/5/2017 12:00:00 AM |
| Created Date/Time* | Date and time that the file was created (EST).  Format example, 4/5/2017 12:00:00 AM |
| Last Modified Date/Time* | Date and time that the file was last modified (EST).  Format example, 4/5/2017 12:00:00 AM |
| Meeting Start Date/Time* | Starting date and time on a calendar item (EST).  Format example, 4/5/2017 12:00:00 AM |
| Record Type | Indicates record type (Email, Attach, Edoc, Scan) |
| MD5 Hash | Algorithm value used to identify a file and its duplicates |
| File Extension | File type extension (i.e., .pdf, .xlsx, .docx) |
| File Name | Name of the electronic file |
| File Size | Size of the electronic file in kb |
| Source Path | The originating electronic folder path of the file |
| Production Redaction | Indicates that the file contains redactions –  field value "Has Redactions" |
| Production Confidential | Indicates that the document is classified as Confidential |

| Text Precedence | Path for produced extracted text/OCR file |
|---|---|
| FILE_PATH | Path for produced native file |

- UTC – Coordinated Universal Time; all dates in Date/Time format

The parties will provide the metadata fields automatically extracted from the documents where they are reasonably available; however, the parties acknowledgethat such metadata can be produced as it is collected and as such may not always be accurate and might instead contain irrelevant or incorrect information generatedduring the collection process. Producing parties are permitted, though not required, to remove inaccurate metadata before production to avoid confusion between the parties.

B.   The corresponding images will be in single-page TIFF format for images produced in black and white, and JPEG format for images produced in color; however, if suchimages cannot be produced legibly in TIFF or JPEG format, they will be produced in native format pursuant to Paragraph 4.F below. Load files shall be provided to indicate the location and unitization of the image files. If a document is more than one page, the unitization of the document (including attachments) shall be maintained as they existed in the original document. If extracted text is not availablein the native file, the producing party will provide text through the use of an OCR (Optical Character Recognition) tool prior to production.

C.   The parties should use reasonable efforts to produce parent documents with attachments, enclosures, and/or exhibits together (i.e., unitized).

D.   For good cause, a party that receives a document produced in a format specified inParagraph 4.B may make a reasonable request to have the document reproduced inits native format. Upon the showing of good cause, the producing party shall reproduce the document in its native format. All unredacted Excel and other structured data files shall be produced in native form without a need for a specific request.

  E. Natively produced files shall be labeled with a unique production number (i.e., Bates number) and produced with a slipsheet indicating that the document was produced in native format and containing the appropriate confidentiality designation in accordance with the Protective Order.

  F. Where practicable, documents shall be produced such that hidden text and notes in a file (for example, the speaker notes portion of a PowerPoint file) are visible and/or readily accessible to the receiving party. This requirement may be satisfied by production of the documents in native format.

5. **Production Format of Documents Stored in Paper Form**.

  A. For documents originating in paper form, the parties agree to scan such documents and exchange:

    i. Load files containing unique field delimiters and the following fields:

    ii. Beginning Production Number;

    iii. Ending Production Number;

    iv. Beginning Attachment Number;

    v. Ending Attachment Number; and

    vi. Custodian.

    vii. The corresponding scanned images in single-page TIFF format for images produced in black and white, and JPEG format for images produced in grayscale or color.

    B.    <u>Unitization</u>. In scanning documents originating in paper format, the parties shall use reasonable efforts to avoid merging distinct families of documents into a single record, and single documents will not be split into multiple records (i.e., paper documents will be logically unitized). The parties agree that reasonable minds can disagree on unitization strategies, but that so long as a producing party uses a reasonable strategy that strategy will satisfy the terms of this order.

    C.    <u>Parent-Child Relationships</u>. Parent-child relationships (e.g., the association between a paper format letter and its enclosure) must be preserved in such a way that the paper document and any attachments to that paper documents are produced in the same production set and are identifiable.

    D.    <u>Preservation of Filing and Other Information</u>. Images of all file labels, file headings, and file folders associated with documents originating in paper format will be produced along with those documents.

6. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

7. **Voicemail, Mobile Devices, and Instant Messaging.** Absent a showing of good cause, voice-mails, PDAs, mobile phones, SMS text messages, and instant messaging communications are deemed not reasonably accessible and need not be collected and preserved.

8. **Confidentiality Designation**. Responsive documents in TIFF or JPEG format will be stamped with the appropriate confidentiality designation in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party

of the designation in writing. For documents produced in native format, the slipsheet file indicating that the file was produced natively shall contain the confidentiality designation for the native file.

9. **Redaction of Information**. Redacted documents and redacted portions of documents shall be made with readily visible redactions (e.g., blackout) and are subject to the parties' agreement in the Discovery Order regarding whether certain documents need to be included in a privilege log. The producing party shall retain a copy of the unredacted data within its possession and control and preserve it without modification, alteration, or addition to the metadata therewith. Redacted documents may include OCR text in lieu of extracted text.

10. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). If good cause is shown for the production of email, the parties shall negotiate in good faith a procedure for the mutual production of email by all parties as well as Wells Fargo. This negotiation shall include Wells Fargo, however, if email is produced in this case, under no circumstances will materials produced by Bank of America pursuant to the protective order entered in this case be produced to anyone that is not permitted to see such materials under the terms of the protective order, including but not limited to Wells Fargo.

11. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or workproduct protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

14. The parties may modify the technical specifications and related terms of this Order by written agreement without further involvement of the Court, so long as the intent in modifying the Order

aligns with the goals outlined above.

**IT IS SO ORDERED.**

**SIGNED this 12th day of January, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE