# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, <br><br> Defendant. | Case No. 4:18-cv-00501-ALM-KPJ <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT WELLS FARGO & COMPANY'S
REPLY IN SUPPORT OF MOTION TO STAY**

**TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | --- |
| I.  | INTRODUCTION | 1 |
| II. | THIS CUSTOMER SUIT AGAINST WELLS FARGO SHOULD BE STAYED | 1 |
|     | A. Wapp's New Allegations Do Not Support Denial of a Stay | 2 |
|     | B. Wapp's Remaining Arguments Fail | 4 |
| III. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................3

*Bianco v. Globus Med., Inc.*,
   No. 2:12-cv-00147-WCB, 2014 WL 1049067 (E.D. Tex. Mar. 17, 2014) ................................5

*CyWee Grp. Ltd. v. Huawei Device Co.*,
   No. 2:17-cv-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) ...................................5

*Glenayre Elecs., Inc. v. Jackson*,
   443 F.3d 851 (Fed. Cir. 2006) ...................................................................................................4

*In re Google Inc.*,
   588 F. App'x 988 (Fed. Cir. 2014) .......................................................................................4, 5

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990) .................................................................................................5

*Melton v. Account Resol. Team, Inc.*,
   No. 3:15-CV-00469, 2016 WL 6875883 (E.D. Tenn. Nov. 21, 2016) .....................................2

*Metro. Life Ins. Co. v. Taylor*,
   481 U.S. 58 (1987) ....................................................................................................................2

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) .................................................................................................2

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
   No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012) ................................................4

*Quanta Comput., Inc. v. LG Elecs., Inc.*,
   553 U.S. 617 (2008) ..................................................................................................................4

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011) .................................................................................................5

*St. Lawrence Commc'ns LLC v. Apple Inc.*,
   No. 2:16-cv-82-JRG, 2017 WL 37129112 (E.D. Tex. July 12, 2017) ......................................5

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*SynQor, Inc. v. Vicor Corp.*,
 No. 2:14-cv-287-RWS-CMC, 2015 WL 12916396 (E.D. Tex. Nov. 24, 2015)........................5

I.   INTRODUCTION

Wapp bases its claims against Wells Fargo ("Wells Fargo") on the same asserted patents, the same accused products, and the same infringement allegations as it does against Micro Focus International plc ("Micro Focus"), which Wapp alleges is the manufacturer of the accused products. Despite these identical allegations, and despite Wells Fargo's agreement to be bound by a final judgment of liability against the manufacturer, Wapp argues this case should proceed. But Wapp's argument relies on allegations absent from its Complaint, allegations built upon admitted speculation, and allegations that demonstrate Wells Fargo merely uses the accused products as intended. Removing this cloud of non-pled, speculative allegations, it is clear that the major issues in Wapp's suits against Micro Focus and Wells Fargo are the same, and that Wells Fargo is not the "true defendant." Respectfully, the Court should stay this suit.

II.   THIS CUSTOMER SUIT AGAINST WELLS FARGO SHOULD BE STAYED

In its Opposition, Wapp does not dispute, or present evidence disputing, the following:

- Wapp made the <u>same infringement allegations</u> in its complaints against Wells Fargo and Micro Focus, based on the <u>same patents-in-suit</u> and the <u>same accused software products and functionalities</u>—"the Micro Focus Software Suite" (Dkt. No. 1 ¶ 26; Dkt. No. 11 at 9–10);
- Wapp attached <u>identical infringement charts</u> to all of its complaints (Dkt. No. 11 at 10);
- Wapp's Complaint against Wells Fargo does not allege that Wells Fargo is anything other than a <u>customer</u> of the accused software (Dkt. No. 1 ¶ 24); and
- Wells Fargo's sworn declaration that, to the extent Wells Fargo uses any of the accused software, such use is <u>"off the shelf"</u> and for the accused software's <u>intended purpose</u>. Dkt. No. 11 at 9–10; *id.*, Ex. A ¶¶ 3–5.

Given these undisputed facts, the issue of whether Micro Focus (the alleged manufacturer) and Wells Fargo (the alleged customer) infringe is the same, as are the issues of patent-ineligibility and invalidity. As such, the suit against the alleged manufacturer takes "precedence," and Wapp's suit against Wells Fargo should be stayed pending resolution of the manufacturer suit to "avoid . . . [the] imposi[tion of] the burdens of trial on" Wells Fargo, which is not the "'true defendant' in

1

the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365–66 (Fed. Cir. 2014).

      A.      **Wapp's New Allegations Do Not Support Denial of a Stay**

In sum, Wapp argues that a stay should be denied because Wells Fargo and Micro Focus infringe "for different reasons." More specifically, Wapp asserts that while Micro Focus provides a "tool"—*i.e.,* the Micro Focus Software Suite—that infringes the asserted patents, Wells Fargo independently infringes the asserted patents by using the accused Micro Focus software, and *possibly* other unidentified software, to develop and distribute "Wells Fargo mobile applications." *See* Dkt. No. 12 ("Opp.") at 6–7. As explained below, these arguments fail.

<u>First</u>, Wapp's allegations directed to *possible* proprietary software and Wells Fargo mobile applications appear nowhere in Wapp's Complaint. Rather, Wapp limits its Complaint (including its infringement charts) solely to Wells Fargo's *use* of "the Micro Focus Software Suite."[1] The Complaint does not allege that *any* Wells Fargo-specific product or service infringes, and there is a reason for that: Wapp concedes it knows of no product that Wells Fargo uses, and bases its theory of use on the term "architecture" alone. *See* Opp. at 6. Because the Complaint defines the scope of the case, Wapp cannot rely on these manufactured arguments to avoid a stay the claims it did plead. *See Melton v. Account Resol. Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *3 (E.D. Tenn. Nov. 21, 2016) ("The complaint—and the complaint alone—defines the scope of the action.") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987)). Allowing Wapp to rely on these non-pled allegations would, moreover, render the Complaint deficient for failing to give "fair notice of what . . . the claim[s are] and the grounds upon which [they] rest[]." *Ashcroft v. Iqbal*,

---

[1] *See, e.g.*, Dkt. No. 1 ¶ 15 ("Certain *Micro Focus* software products that are *used* by Defendant are alleged herein to infringe the Patents-in-Suit"); *id.* ¶ 26 (defining the "Accused System" as the "*Micro Focus* Software Suite"); *id.* ¶ 27 ("[Wells Fargo's] *use* of the Accused System enables performance engineers . . .") (emph. added); *id.* ¶ 33 ("[Wells Fargo] has *used* and continues to *use* Micro Focus Mobile Center") (emph. added); *see also id.* ¶¶ 24, 28, 30.

2

556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Second, even accepting Wapp's new allegations, they do not diminish the substantial overlap of the infringement and invalidity questions as between Micro Focus and Wells Fargo. For example, Wapp suggests that Wells Fargo's alleged development of "scripts" for use in the Micro Focus Software Suite somehow distinguishes Wells Fargo's alleged infringement from that of Micro Focus. Opp. at 7–8, 12. It does not. As demonstrated by the accused software's documentation, the development and use of scripts is the ordinary and expected use of the software.[2] Wapp relies upon the same use of scripts, and documentation instructing users how develop scripts, to support its claims against both Micro Focus and Wells Fargo. By relying on this same documentation to support its allegations against the two defendants, Wapp concedes that there is nothing special about Wells Fargo's alleged use of the Micro Focus Software Suite. In other words, the issues of infringement as between Wells Fargo and Micro Focus do substantially overlap. Wapp's reference to claim 60 of the '192 patent does not change that conclusion. Opp. at 5. Indeed, Claim 60 calls for an application "developed" using a specific "software authoring platform." As Wapp's Complaint makes clear (*e.g.*, as to cl. 1 of that patent), that "platform" is the accused Micro Focus Software Suite; Wapp will have to show that the "platform," *i.e.*, the Micro Focus software, infringes to show that the alleged Wells Fargo app infringes.

Finally, even *if* Wells Fargo's use of the Micro Focus Software Suite, whether alone or in

---

[2] *See, e.g.*, Dkt. No. 1-5 (Ex. 5) at 15 ("In order to simulate transactions, it is necessary to create scripts . . . ."), 17 ("These scripts can then be easily modified . . . ."), 17 ("You use a VuGen to develop a Vuser script . . . ."), 18 (the product "supports the following Mobile application scripting methods . . . ."), 20 ("The protocol enables the developer or DevOps engineer to record user interactions on the mobile application and create a TruClient script."); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l plc*, No. 4:18-cv-00469-ALM (E.D. Tex.), Dkt. No. 1-5 (Ex. 5) at 15–20.

3

combination with some "proprietary software," could be construed as a modification, that modification still would not negate the propriety of a stay because of the substantial overlap in the infringement and validity issues. *See In re Google Inc.*, 588 F. App'x 988, 990–91 (Fed. Cir. 2014) (reversing denial of stay given the overlap of infringement and validity issues even where customers had the ability to modify and customize the accused software).

### B.  Wapp's Remaining Arguments Fail

**1. <u>Wapp cannot obtain a double recovery</u>.**  If Wapp obtains damages for infringement in the manufacturer suit, Wapp will be precluded as a matter of law from obtaining a recovery against Wells Fargo, even if based upon a different damages "model" as Wapp contends. Opp. at 11.  A "party is precluded from suing to collect damages for direct infringement by a *buyer and user* of a product when actual damages covering that very use have already been collected from the *maker and seller* of that product." *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (emph. added); *Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-088-RGA, 2012 WL 2803695, at *2 (D. Del. July 10, 2012) (granting a stay under the customer suit doctrine, and, based on *Glenayre,* holding that damages paid by the manufacturer for infringement of a product would bar further damages against customers for use of the product).  This applies even if the accused "Micro Focus" software comprises only a portion of the overall accused system.  *See Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 631 (2008).  Thus, even if Wapp is permitted to rely on the new infringement allegations first disclosed in its Opposition, Wapp cannot recover damages from Wells Fargo if it first recovers damages from Micro Focus.

**2. <u>Wells Fargo's agreement to be bound is sufficient</u>.**  Wapp argues that Wells Fargo's agreement to be bound by a final judgment of liability against the manufacturer (Dkt. No. 11 at 10) is insufficient to support a stay because Wells Fargo also has not agreed to be bound by any injunction. Opp. at 13.  That is irrelevant.  A "manufacturer's case need only have the potential to

4

resolve the 'major issues' concerning the claims against the customer—*not every issue*—in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)) (emph. added); *St. Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 37129112, at *2 (E.D. Tex. July 12, 2017). Regardless, Wapp seeks no injunction in its case against Micro Focus. *Wapp Tech Ltd. P'ship v. Micro Focus Int'l plc*, No. 4:18-cv-00469-ALM (E.D. Tex.), Dkt. No. 1 at 27–28. Nor could it, as Wapp does not allege it competes in this market. *Bianco v. Globus Med., Inc.*, No. 2:12-cv-00147-WCB, 2014 WL 1049067, at *6 (E.D. Tex. Mar. 17, 2014) ("[W]here the patentee and the accused infringers are not competitors, the courts in this district have generally refused requests for injunctive relief.").

      **3. <u>The customer suit doctrine is not limited to resellers</u>.** Wapp also argues the customer suit doctrine does not apply because "Wells Fargo is not a reseller or distributor." Opp. at 11. But the doctrine is not so narrow. *Google*, 588 F. App'x at 990–91; *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-cv-495-WCB, 2018 WL 4002776, at *5–6 (E.D. Tex. Aug. 22, 2018) (rejecting argument that customer was not a "reseller or distributor," holding that use was sufficient).

      **4. <u>Wapp identifies no recognized prejudice</u>.** The only purported "prejudice" that could be gleaned from Wapp's opposition is that its "ability to recover from Wells Fargo could be delayed by 1–2 years." *Id.* It is well established, however, that "delay alone is not sufficient to defeat a motion to stay." *SynQor, Inc. v. Vicor Corp.*, No. 2:14-cv-287-RWS-CMC, 2015 WL 12916396, at *4 (E.D. Tex. Nov. 24, 2015) (citation omitted). A "more particularized showing of harm" by Wapp is required—a showing Wapp cannot make. *See id.*

## III. CONCLUSION

      Based on the foregoing, Wells Fargo respectfully requests that the Court grant this motion and stay this action pending final resolution of the manufacturer litigation.

Dated:  November 8, 2018          By: */s/ Mark N. Reiter*
                                                               Mark N. Reiter
                                                               Lead Counsel
                                                               Texas State Bar No. 16759900
                                                               mreiter@gibsondunn.com
                                                               GIBSON, DUNN & CRUTCHER LLP
                                                              2100 McKinney Avenue, Suite 1100
                                                              Dallas, Texas  75201-6912
                                                              Telephone:  214.698.3360
                                                              Facsimile:  214.571.2907

                                                              Neema Jalali
                                                              California State Bar No. 245424
                                                              njalali@gibsondunn.com
                                                              GIBSON, DUNN & CRUTCHER LLP
                                                              555 Mission Street
                                                              San Francisco, CA 94105-0921
                                                              Tel: 415.393-8224
                                                              Fax: 415. 374-8436

                                                              Attorneys for Hewlett Packard Enterprise Company

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

                                                                                   /s/ Mark N. Reiter
                                                                                   Mark N. Reiter