# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP § <br> and WAPP TECH CORP., § <br>      *Plaintiff,* § <br> v. § <br> § <br> BANK OF AMERICA, N.A., § <br>      *Defendant,* § <br> § <br> v. § <br> § <br> WELLS FARGO BANK, N.A., § <br>      *Defendant.* § <br> § | Civil Action No.  4:21-cv-00670 <br> Judge Mazzant <br><br><br><br><br><br> Civil Action No.  4:21-cv-00671 <br> Judge Mazzant |

## <u>ORDER</u>

On June 30, 2022, the Court held a teleconference to hear the parties' dispute regarding Defendants' invalidity contentions. Plaintiffs WAPP Tech Limited Partnership and WAPP Tech Corp. ("WAPP") argued Defendants' invalidity contentions were too vague to put WAPP on fair notice of Defendants' theory of the case. WAPP specifically took issue with Defendants repeatedly using block quotations—across several pages—absent any analysis. Defendants asserted their invalidity contentions were specific enough to put WAPP on fair notice.

Under Local Patent Rule 3-3, a party charged with infringement must "identify each item of prior art that allegedly anticipates each asserted claim or renders it obvious." P.R.3-3(a). The invalidity contentions must also include a "chart identifying where specifically in each alleged item of prior art each element of each asserted claims is found." *Id.* at 3-3(c).

Having reviewed the exemplar charts submitted and considered the arguments, the Court finds the invalidity contentions do not satisfy the Local Patent Rules. While there is no *per se* rule against the use of block quotations, Defendants' gratuitous use here, combined with the lack of

1

explanation or analysis, is insufficient to provide fair notice.

It is therefore **ORDERED** Defendants have fourteen (14) days from entry of this Order to supplement their invalidity contentions.

**IT IS SO ORDERED**.

SIGNED this 1st day of July, 2022.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE