# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Civil Action No. 4:21-cv-00671-ALM <br><br> **JURY TRIAL DEMANDED** |

**WAPP'S P.R. 3-6(b) MOTION TO AMEND INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. LAW ................................................................................................................................ 1
III. FACTS ............................................................................................................................ 2
IV. ARGUMENT .................................................................................................................. 5
    A. EXPLANATION AND DILIGENCE ................................................................ 5
    B. IMPORTANCE OF THE AMENDMENT ......................................................... 6
    C. THERE IS NO POTENTIAL PREJUDICE IF THE AMENDMENT IS ALLOWED ............................................................................................................ 7
    D. AVAILABILITY OF A CONTINUANCE ......................................................... 8
V. CONCLUSION ............................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Cywee Grp., Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-RWS-RSP
   2018 U.S. Dist. LEXIS 12571 (E.D. Tex. Jan. 26, 2018) ............................................................. 6

*Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-cv-366-JDL
   2014 U.S. Dist. LEXIS 198784 (E.D. Tex. Oct. 7, 2014) .............................................................. 8

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*
   360 F. Supp. 3d 541 (E.D. Tex. 2018) ......................................................................................... 2

*Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP
   2018 U.S. Dist. LEXIS 63985 (E.D. Tex. Apr. 16, 2018) ............................................................ 7

*Keranos, LLC v. Silicon Storage Tech., Inc.*
   797 F.3d 1025 (Fed. Cir. 2015) .................................................................................................... 2

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
   2008 U.S. Dist. LEXIS 35577 (E.D. Tex. Apr. 30, 2008) ............................................................ 8

*MedioStream, Inc. v. Microsoft Corp.*, No. 2:08-CV-369-CE
   2010 U.S. Dist. LEXIS 110420 (E.D. Tex. Oct. 18, 2010) .......................................................... 7

*Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00715-JRG
   2019 U.S. Dist. LEXIS 235776 (E.D. Tex. Apr. 24, 2019) .......................................................... 6

*Secure Axcess LLC v. HP Enter. Servs.*, LLC, No. 6:15-cv-208
   2016 U.S. Dist. LEXIS 136441 (E.D. Tex. Sep. 20, 2016) .......................................................... 2

*Stragent v. Freescale Semiconductor*, No. 6:10-cv-224-LED-JDL
   2011 U.S. Dist. LEXIS 171994 (E.D. Tex. July 14, 2011) ...................................................... 6, 7

*Wapp Tech Limited Partnership et al. v. Walls Fargo, N.A.*
   Case No. 4:18-cv-501-ALM (E.D. Tex.) ..................................................................................... 4

**Rules**

P.R. 3-1 ................................................................................................................................................ 1

P.R. 3-6 ................................................................................................................................................ 2

## I. INTRODUCTION

Plaintiff Wapp respectfully moves to amend its infringement contentions to assert infringement based on Wells Fargo's use of the ▮▮▮ and ▮▮▮ software tools. *See* Exs. 1-2 (▮▮▮ claim charts), Exs. 3-5 (▮▮▮ claim charts).[1] Wapp first learned that Wells Fargo has used ▮▮▮ and ▮▮▮ on April 26, 2022 when Wells Fargo supplemented its interrogatory responses, stating that ▮▮▮ ▮▮▮ Ex. 6 at 11. Wapp immediately investigated these tools and notified Wells Fargo on May 11 and May 20 that it would amend its infringement contentions to accuse ▮▮▮ and ▮▮▮, respectively. Exs. 7-8. Wapp's counsel and its experts worked diligently to analyze the new software tools identified in the late April interrogatory supplements by Wells Fargo (as well as Bank of America) and prepare infringement contentions, spending a total of 420 hours of work on this project between April 25 and June 17, 2022, when Wapp served its ▮▮▮ contentions on Wells Fargo (11.6 hours of work per business day). Payne Dec. at ¶¶ 2-6.[2] The ▮▮▮ contentions were served on June 6 and June 13. Ex. 7 at 1.

## II. LAW

"P.R. 3-1(b) balances the notice function of the patent rules—by requiring plaintiffs to be 'as specific as possible' in product identification—with the reality that plaintiffs cannot identify specific products of which they do not know. Thus, the rules require as much specificity as possible, while only requiring plaintiffs to identify specific products that were publicly available and known by plaintiffs. A plaintiff is free to amend or supplement its infringement contentions at

---

[1] All exhibit numbers refer to the exhibits attached to the Declaration of Leslie V. Payne.

[2] This work remains ongoing because Well Fargo identified additional software tools in its belated supplemental response to Interrogatory No. 2, including the ▮▮▮ tools, but has yet to provide adequate discovery showing how these tools operate and how Wells Fargo uses them.

1

a later date to include additional accused products upon a showing of good cause. P.R. 3-6." *Secure Axcess LLC v. HP Enter. Servs.*, LLC, No. 6:15-cv-208, 2016 U.S. Dist. LEXIS 136441, at *7-8 (E.D. Tex. Sep. 20, 2016).

To determine whether the patent owner has shown good cause to amend its infringement contentions, courts in the Eastern District of Texas consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the court is excluding, (3) the potential prejudice if the court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 549 (E.D. Tex. 2018) (Bryson, J.) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015), and collecting cases).

### III.    FACTS

Wapp served its first set of interrogatories on November 11, 2021. Ex. 9, Wapp's First Set of Interrogatories to Wells Fargo at 9-10 (November, 11, 2021). Wapp's Interrogatory No. 2 asked Wells Fargo to:

> **Identify and describe your use of mobile application development and testing tools**, including at least Apple's XCode and Google's Android Studio. Your answer shall include, for each identified tool, an identification of when Wells Fargo first used the tool, whether and how Wells Fargo used the tool for each version of the mobile banking applications identified in response to Interrogatory No. 1, and which version of the identified tool was used.

Ex. 9 at 8 (emphasis added).

Wapp then served its initial infringement contentions on January 18, 2022. Ex. 10 at 6-8. Based on available public information, those contentions accused Wells Fargo of infringement based on its use of accused instrumentalities from Google and Apple. Ex. 10 at 2. Wapp did not accuse the ▮▮▮▮ and ▮▮▮▮▮▮ instrumentalities at that time, because Wapp did not know Wells Fargo used these tools and there was no way to determine this from public information.

On December 13, 2022, Wells Fargo served its responses to Wapp's Interrogatories Nos. 1-2. Ex. 11. Although Wapp's interrogatories sought information about *all* "mobile application development and testing tools" used by Wells Fargo, it did not answer fully and instead restricted its responses to only the specific Google and Apple tools listed in Wapp's complaint. *See, e.g.*, Ex. 11 at 8-9. Wells Fargo's responses did not mention ▇▇▇ or ▇▇▇▇.

Concerned that Wells Fargo's discovery responses were deficient, Wapp sent multiple letters to Wells Fargo. Wapp's January 28, 2022 letter explained that Wells Fargo's response to Interrogatory No. 2 was deficient and Wells Fargo must disclose each version of its development tools that it uses. Ex. 12 at 2. Wells Fargo responded on February 24, 2022, stating that it would supplement its responses, including to Interrogatory Nos. 2 and 8, "as appropriate." Ex. 13 at 1-2. Noting that this response did not address the issue raised in the January letter and did not commit to supplement by a date certain, Wapp sent a second letter on March 17, 2022. Ex. 13. This letter specifically mentioned Interrogatory No. 2 and Wells Fargo's obligation to disclose all software tools that it uses to develop and test its mobile banking apps. Ex. 14 at 2.

On March 29, Wells Fargo again responded that it would supplement its answers to Interrogatories Nos. 2 and 8, but still did not commit to a date to do so. Ex. 15 at 2. The next day, counsel for Wapp requested to meet and confer regarding Wells Fargo's deficient responses. Ex. 16 at 3. At the meet and confer on April 6, Wells Fargo agreed to supplement its response to Interrogatory No. 2 "within the next couple of weeks" to identify tools other than Apple's Xcode and Google's Android Studio. *Id.* at 1.

Wells Fargo supplemented some of its interrogatory responses (including its response to Interrogatory No. 8) on April 26, 2022, stating for the first time that it has used the ▇▇▇ and ▇▇▇▇ tools. Ex. 6 at 11. Notably, Wells Fargo's supplemental response to Interrogatory

3

No. 2 still did not identify ▓▓▓ and ▓▓▓▓▓ Ex. 17 at 3-4. Nonetheless, Wapp promptly investigated ▓▓▓ and ▓▓▓▓▓ notified Wells Fargo of its anticipated amendments on May 11 and May 20, and served those amendments on June 6, 13, and 17. Exs. 7-8. Investigating the ▓▓▓ and ▓▓▓▓▓ instrumentalities and preparing contentions was no small task. In total, Wapp's attorneys and experts spent 420 hours on the project of investigating the new tools (including ▓▓▓ and ▓▓▓▓▓ identified by Wells Fargo and Bank of America. Payne Dec. at ¶4-5. This work included reviewing publicly available documents regarding ▓▓▓ and ▓▓▓▓▓ and conducting numerous tests on the ▓▓▓ and ▓▓▓▓▓ software to fully understand its operation and functionality to confirm the infringing features.

When Wapp put Wells Fargo on notice that it would amend its contentions, Wapp asked Wells Fargo if it would oppose the amendments. Ex. 18 at 2. Wells Fargo was non-committal, but stated the following in a June 23rd email:

(1) Wells Fargo alleged that it produced documents and a witness regarding ▓▓▓ in the first Wapp case against Wells Fargo. *Id.* Even if true, this information would have been marked confidential under the Protective Order, meaning Wapp was not privy to the information. *Wells Fargo 1*[3] at Dkt. 112 at ¶¶4-5 (confidential documents "shall not be used or shown, disseminated, copied, or in any way communicated" to Wapp by outside counsel). Nor was any of Wapp's current counsel involved in the first case, and therefore they did not receive or review any such information. Any such documents produced in *Wells Fargo 1* would have been destroyed "within sixty (60)

---

[3] "*Wells Fargo 1*" refers to *Wapp Tech Limited Partnership et al. v. Walls Fargo, N.A.*, Case No. 4:18-cv-501-ALM (E.D. Tex.).

4

days after the entry of a final non-appealable judgment or order" as required by the Protective Order. *Id.* at ¶16.

(2) Wells Fargo noted that it produced ▓▓▓▓ documents on February 24, 2022 in this case. Ex. 18 at 1. The documents were buried in a large production and were not sufficient to put Wapp on notice of Wells Fargo's use of ▓▓▓▓ which Wells Fargo first revealed in its supplemental interrogatory answers on April 26. Nor were these documents sufficient to overcome Wells Fargo's failure to disclose ▓▓▓▓ in response to Wapp's interrogatories. Although these documents mention ▓▓▓▓ Wapp had no way of knowing why Wells Fargo produced them;

(3) Wells Fargo vaguely claimed that the amendments would cause prejudice because those amendments might raise new claim construction issues or new invalidity contentions. Ex. 18 at 1. On the meet and confer call, Wells Fargo was unable to identify any specific new issues regarding claim construction or invalidity.

The parties discussed the above issues and other issues during the meet and confer held on June 29, 2022. At that time, Wells Fargo stated that it would oppose this motion.

IV.   **ARGUMENT**

Each of the factors supports a finding of good cause and favors granting leave to amend.

A.   **Explanation and Diligence**

From the outset of the case, Wapp was diligent in attempting to obtain discovery about the ▓▓▓▓ and ▓▓▓▓ instrumentalities and was diligent in preparing its contentions once that discovery was received. Where, as here, the plaintiff diligently seeks discovery regarding

additional accused products and diligently amends the contentions within two months of obtaining this discovery, the plaintiff is considered diligent and this factor favors a finding of good cause:

> Stragent has shown good cause to amend its Infringement Contentions having diligently pursued the identification of potentially infringing products similar to those identified in its original Infringement Contentions. **Stragent attempted to identify such products through interrogatories directed to Freescale, who responded by merely identifying products already listed in Stragent's original infringement contentions.** It was only after receiving the MPC5675K Reference Manual in the document production that Stragent was able to identify a new family of Freescale products reasonably related to those already identified. **Because Stragent served a draft of the amended contentions two months after it received the relevant discovery, the Court finds Stragent acted with sufficient diligence to show good cause.**

*Stragent v. Freescale Semiconductor*, No. 6:10-cv-224-LED-JDL, 2011 U.S. Dist. LEXIS 171994, at *4-5 (E.D. Tex. July 14, 2011) (emphasis added) (citations omitted); *see also Cywee Grp., Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-RWS-RSP, 2018 U.S. Dist. LEXIS 12571 at *6 (E.D. Tex. Jan. 26, 2018) (where evidence of new accused products became available in July and plaintiff filed a motion for leave to amend in October, the diligence factor "weighs in favor of leave" to amend); *Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00715-JRG, 2019 U.S. Dist. LEXIS 235776, at *9 (E.D. Tex. Apr. 24, 2019) (finding good cause to amend where plaintiff "was diligent in seeking discovery on these products and seeking to amend its contentions as soon as it became aware that these products might infringe. … [Defendants] had a duty to supplement their discovery responses to include these new products.").

### B. Importance of the Amendment

Good cause supports this motion because the amendments are important. Denying the amendments would exclude the ▬▬▬ and ▬▬▬▬▬ instrumentalities from this lawsuit, thereby depriving Wapp of the opportunity to prove its infringement theories regarding those tools. *See Polaris*, 2019 U.S. Dist. LEXIS 235776, at *12 ("[T]he importance of what would be excluded

6

weighs in favor of granting leave. If leave to amend were denied, [plaintiff] would be unable to accuse the new products of infringement.") (citations omitted); *Stragent*, 2011 U.S. Dist. LEXIS 171994, at *6 ("the addition of the MPC567xK product family is important to Stragent's infringement case. Without leave to amend, Stragent will be unable to accuse the MPC567xK products in this litigation. Thus, this factor favors granting Stragent's motion.").

### C. There is No Potential Prejudice if the Amendment is Allowed

This motion is supported by good cause because Wells Fargo will not suffer prejudice, and any alleged prejudice is the direct result of Wells Fargo's delay in providing complete discovery responses identifying the software tools it uses to develop and test its mobile banking apps. *See MedioStream, Inc. v. Microsoft Corp.*, No. 2:08-CV-369-CE, 2010 U.S. Dist. LEXIS 110420, at *16 (E.D. Tex. Oct. 18, 2010) ("Plaintiff's proposed amendments are the reasonably foreseeable result of [Defendant]'s disclosure and any prejudice suffered by [Defendant] is a result of its own slow production. Accordingly, the Court finds that this factor weighs in favor of granting leave to amend.").

The *Markman* hearing took place on June 30, expert reports have not been served, dispositive motions have not been filed, and discovery remains open through August 18, 2022 (although that date will need to be extended given Defendants' delays in discovery, as explained in the next section). At this stage of the case, there is no prejudice in allowing the amendment.

To date, Wells Fargo has not identified any specific prejudice. Instead, it has vaguely alluded to the possibility that new claim construction positions might arise or new invalidity theories might be discovered. Such hypotheticals do not show prejudice. *See Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 U.S. Dist. LEXIS 63985, at *12-13 (E.D. Tex. Apr. 16, 2018) ("Defendant will suffer little, if any, prejudice from the amendment.

Notably, Defendants' response does not identify any specific prejudice it will suffer, except to note that discovery is closed and trial is near."). And "in the unlikely event that [Defendant] requires specific leave to remedy a problem caused by the amended infringement contentions, [Defendant] may request leave from the Court. Accordingly, there is no apparent danger of unfair prejudice to [Defendant]." *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-cv-366-JDL, 2014 U.S. Dist. LEXIS 198784, at *12-13 (E.D. Tex. Oct. 7, 2014).

### D.     Availability of a Continuance

The Court need not consider the availability of a continuance where, as here, there is no prejudice to the non-moving party. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06-cv-272-LED, 2008 U.S. Dist. LEXIS 35577, at *16-17 (E.D. Tex. Apr. 30, 2008). Nevertheless, the current case schedule would permit a continuance of several months without rescheduling the pretrial conference or trial. There is a nearly four-month gap between the dispositive motions deadline (Sept. 29, 2022) and the motions *in limine* deadline (Jan. 18, 2023). Because a continuance is available, this factor favors granting leave to amend.

Given the delays in Defendants' discovery responses, Wapp suggests the Court consider moving back the discovery deadline and related deadlines two months. The discovery problems caused by the Defendants in both cases have resulted in no less than six discovery hearings and the Court's recent orders granting several motions to compel. Dkt. Nos 55 (transcript of Apr. 19, 2022 hearing), 56 (transcript of Apr. 21, 2022 hearing), 90 (transcript of June 23, 2022 hearing), 96 (granting Wapp's Motion to Compel); *Wapp Tech. Ltd. v. Wells Fargo Bank, N.A.*, No. 4:21-cv-671, Dkt. Nos. 57 (transcript of Apr. 27, 2022 hearing), 61 (request for transcript of May 12, 2022 hearing), 79 (transcript of June 8, 2022 hearing), 85 (granting Wapp's Motion to Compel).

Unfortunately, even more disputes exist and will need to be raised with the Court in the next few weeks.

A proposed new schedule is attached as Exhibit 19. These extensions will not affect the trial date and will give Wells Fargo ample time to consider the ▓▓▓▓ and ▓▓▓▓ amendments and their impact, if any, on claim construction issues or invalidity issues.

## V. CONCLUSION

Wapp respectfully requests leave to amend its infringement contentions to include the claim charts attached as Exhibits 1-5 hereto.

| | |
|---|---|
| Dated: June 30, 2022 | Respectfully submitted,<br><br>*/s/ Leslie V. Payne*<br><br>Leslie V. Payne<br>State Bar No. 0784736<br>lpayne@hpcllp.com<br>R. Allan Bullwinkel<br>State Bar No. 24064327<br>abullwinkel@hpcllp.com<br>Christopher L. Limbacher<br>State Bar No. 24102097<br>climbacher@hpcllp.com<br>Alden G. Harris<br>State Bar No. 24083138<br>aharris@hpcllp.com<br>**HEIM PAYNE & CHORUSH, LLP**<br>1111 Bagby St., Suite 2100<br>Houston, Texas 77002<br>Telephone: (713) 221-2000<br>Facsimile: (713) 221-2021<br><br>J. Michael Young<br>SBN 00786465<br>myoung@somlaw.net<br>Roger D. Sanders<br>SBN 17604700<br>rsanders@somlaw.net<br>**SANDERS, MOTLEY, YOUNG & GALLARDO, PLLC**<br>111 South Travis Street<br>Sherman, Texas 75090<br>(903) 892-9133<br>(903) 892-4302 (fax)<br><br>**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2022, a copy of the foregoing and attachments thereto were served via email on all counsel of record in this matter.

                                      */s/ Leslie V. Payne*
                                      Leslie V. Payne

## CERTIFICATE OF CONFERENCE

I hereby certify that lead counsel and other counsel for Plaintiff and Defendant conferred telephonically on June 29, 2022 regarding the relief sought herein and the parties are at an impasse.

                                      */s/ Leslie V. Payne*
                                      Leslie V. Payne

## STATEMENT OF FILING UNDER SEAL

I hereby certify that a motion to seal this document was filed concurrently with this document.

                                      */s/ Leslie V. Payne*
                                      Leslie V. Payne