# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Civil Action No. 4:21-cv-00671-ALM <br><br> **JURY TRIAL DEMANDED** <br><br> **Public Version** |

**DEFENDANT WELLS FARGO BANK, N.A.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

████████████████████████

**TABLE OF CONTENTS**

I.  Wapp fails to show diligence. ........................................................................................... 2

   A.  Wapp lacked diligence in pursuing ███████, which it knew about in *Wapp I*. ................................................................................................................... 2

   B.  Wapp lacked diligence for ███████████ and ███████ given Wells Fargo's February document production. ............................................................... 4

   C.  Wapp cannot show the amendments are important. ................................................ 5

   D.  Wapp's amendment would prejudice Wells Fargo. ................................................. 5

i

██████████████████████████

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Berger v. Rossignol Ski Co.*,
   No. C 05-02523 CRB, 2006 U.S. Dist. LEXIS 23085 (N.D. Cal. Apr. 25,
   2006) ............................................................................................................................2

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
   No. 2:16-cv-230-JRG, 2017 WL 2531591 (E.D. Tex. Apr. 27, 2017) .......................................2

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*,
   No. 6:15-CV-01095-RWS, 2020 WL 11613777 (E.D. Tex. July 1, 2020) ............................3, 4

Wapp's Reply fails to show the good cause required to amend its infringement contentions.

Most critically, Wapp chooses simply to ignore inconvenient facts demonstrating its lack of diligence in attempting to add ▮▮▮▮ and ▮▮▮. For example, Wapp did not explain why it did not assert claims against ▮▮▮ in *Wapp I*, other than to speculate it ran out of time. And this speculation contradicts Wapp's repeated representations regarding both its own and its counsel's lack of knowledge concerning ▮▮▮ in *Wapp I*. Indeed, if Wapp knew nothing about ▮▮▮, it would have no basis to speculate. Wapp also fails to show the necessary diligence to justify adding either ▮▮▮▮ or ▮▮▮ after Wells Fargo's February document production. While Wapp criticizes Wells Fargo's document production, Wapp bases its proposed amended contentions ***solely on public information***. Wapp offers no explanation regarding its need for Wells Fargo's document production—or, for that matter, interrogatory responses—to prepare contentions based solely on public information.

Additionally, Wapp failed to show any importance of the proposed amended contentions, which are clearly unimportant given Wapp's own strategic choice to forego accusations against ▮▮▮ in *Wapp I*. Finally, Wapp fails to show Wells Fargo will not be prejudiced. The recent extension does not obviate Wapp's duty to demonstrate lack of prejudice. Adding two additional third parties at the end of the discovery period—third parties with no motivation to cooperate in a timely manner—burdens and prejudices Wells Fargo. That this third-party discovery particularly burdens and prejudices Wells Fargo is clearly shown by the fact that Wapp has sought no discovery from either Google or Apple, the developers of Android Studio and Xcode, respectively. Instead, it has been content to sit back and rely on whatever information Wells Fargo obtains.

The Court should therefore deny Wapp's Motion.

1

I.  **Wapp fails to show diligence.**

   A.  **Wapp lacked diligence in pursuing ▮▮▮ which it knew about in *Wapp I*.**

Wapp does not—and cannot—deny Wells Fargo disclosed its use of ▮▮▮ through document production and deposition testimony in *Wapp I* approximately two years ago. Wapp thus cannot show the necessary diligence because it cannot "sufficiently explain[] why" evidence of ▮▮▮ "could not have been discovered earlier." *Packet Intelligence LLC v. NetScout Sys., Inc.*, No. 2:16-cv-230-JRG, 2017 WL 2531591, at *2 (E.D. Tex. Apr. 27, 2017).

In its briefing, Wapp claims, "Wapp *did not* receive information about Wells Fargo's use of ▮▮▮ Reply at 1. But Wapp fails to produce any evidence to support this claim, instead relying on the declaration of Wapp's interested principal, stating, "To the best of my knowledge, Wapp never saw any confidential discovery indicating Wells Fargo used a piece of software named '▮▮▮ in connection with the *Wells Fargo I* litigation." Dkt. 114-1, ¶ 3. This extremely narrow, carefully worded denial that Wapp never "saw any confidential discovery" fails to support Wapp's broader claims and cannot surmount the good cause hurdle.

Nor does Wapp's attorney declaration satisfy the good cause requirement. Wapp's attorney states, "Wapp's outside counsel in this litigation never received information about Wells Fargo's use of ▮▮▮ in connection with *Wells Fargo 1*." Dkt. 114-2, ¶ 3. This statement, at most, denies ***certain*** attorneys had knowledge of ▮▮▮ but fails to establish ***Wapp itself*** or ***other Wapp retained counsel*** were unaware of ▮▮▮ Just as in *Berger* (a case Wapp ignored in its Reply), "the addition of co-counsel is not good cause. To hold otherwise would mean a party could avoid the Local Rules simply by adding a lawyer to the pleadings." *Berger v. Rossignol Ski Co.*, No. C 05-02523 CRB, 2006 U.S. Dist. LEXIS 23085, at *11–12 (N.D. Cal. Apr. 25, 2006). Wapp's attorney declaration does not deny ***some*** of Wapp's attorneys knew of ▮▮▮ Wapp cannot play

shell games regarding which attorney knew what and when to avoid the diligence requirement. Wapp's attorneys knew of ▮▮▮▮ and did nothing, proving a lack of diligence.

Wapp next argues it could not use any ▮▮▮▮ information due to *Wapp I*'s Protective Order. Wapp's refusal to address that Wapp could have filed a sealed motion in *Wapp I* to add ▮▮▮▮ (just as it is doing now) reveals the fatal flaw in that position. Clearly, Wapp cannot show the required diligence, given its failure to acknowledge, much less explain, why it did not add ▮▮▮▮ in *Wapp I*. *See Papst Licensing GmbH & Co., KG v. Apple Inc.*, No. 6:15-CV-01095-RWS, 2020 WL 11613777, at *3 (E.D. Tex. July 1, 2020) (denying leave to assert new infringement claim where party "fails to explain" how it lacked the information necessary to assert infringement). Nor does Wapp acknowledge or explain how it was diligent, when Wapp could have sought to amend the Protective Order. Such failure to explain plainly cannot show diligence.

In a classic finger-pointing maneuver, Wapp tries to blame Wells Fargo for its own lack of diligence by pointing to its December 2021 demand that Wells Fargo agree ***all*** *Wapp I* materials could be used in this case. Unsurprisingly, Wapp offers no explanation how a demand made over a year after it learned of ▮▮▮▮ shows diligence. *Papst*, 2020 WL 11613777, at *3. Moreover, Wapp's broad request lacked any specific connection to ▮▮▮▮ and cannot show diligence now. *See* Dkts. 114-4, -5. Finally, Wapp's transparent attempt at distraction shows its ***lack*** of diligence. If its December 2021 request were actually related to an attempt to add ▮▮▮▮ and it plainly was not—Wapp would have to explain to this Court the delay between the December 2021 request and the filing of this Motion in June 2022. Wapp has not even attempted to do so, which confirms Wapp raises its December 2021 demand to distract from its own shortcomings.

3

### B. Wapp lacked diligence for ▇▇▇ and ▇▇▇ given Wells Fargo's February document production.

Wapp admits Wells Fargo produced at least twenty-one documents relating to ▇▇▇ and ▇▇▇ in February, and that the production then totaled 2,469 documents, confirming these documents were not "buried" in some unreasonably large production.

Once again, Wapp attempts to distract the Court from the facts. Wapp disparages the production by arguing the documents lacked "context or explanation" and claiming "none of the documents clearly state that Wells Fargo uses ▇▇▇ or ▇▇▇" Reply at 3. No additional context or explanation should have been required given the documents include instructions for how to test and reference the very tools Wapp now seeks to accuse. *E.g.*, Ex. 35 (instruction page titled "How to Load Binaries for Testing Manually on Browser stack"). In fact, Wapp's own charts reveal the disingenuousness of Wapp's complaints about the production. Wapp's proposed contentions rely ***solely on public information*** about ▇▇▇ and ▇▇▇ *See* Dkts. 88-2, -3, -4, -5, -6. Wapp points fingers and makes baseless complaints because it has ***no explanation*** for why amended contentions based solely on public information could have been delayed or impeded by Wells Fargo at all. *See Papst*, 2020 WL 11613777, at *3.

Next, Wapp blames Wells Fargo's discovery responses for preventing it from diligently pursuing the addition of these two tools. Wapp directs the Court's attention to (almost entirely unrelated) "letters to Wells Fargo asking it to supplement its interrogatory responses, engag[ing] in meet and confer calls, and […] 420 hours preparing infringement contentions." Reply at 3–4. However, Wapp's amended contentions are based on public information, not on any letters with Wells Fargo or on any interrogatory responses about the use of ▇▇▇ or ▇▇▇[1] By

---

[1] Each of Wapp's charts contains a single reference to interrogatory responses, but solely for the purpose of identifying the accused Wells Fargo mobile applications, explaining in a parenthetical that the responses are cited for "listing mobile applications." Dkt. 88-2, at 7;

Wapp's own admission, its "420 hours of work" did not even begin until April 27. Dkt. 88-1, ¶¶ 4–5. Wapp offers no explanation for its failure to act or even investigate between February and April and cannot prove its own diligence by pointing to alleged disputes about an interrogatory response it did not even cite in its proposed contentions. *Id.*

    **C.    Wapp cannot show the amendments are important.**

Wapp does not deny it chose not to accuse ▇▇▇ in *Wapp I*, confirming the minimal importance of its amendments. Instead, Wapp argues, "Wapp did not have enough time to evaluate ▇▇▇ and decide whether to accuse it in that lawsuit." Reply at 4. Wapp cites no evidence for this claim. In fact, this claim starkly contradicts Wapp's sworn statements regarding Wapp's and its current lawyers' lack of knowledge about Wells Fargo's use of ▇▇▇ disclosed in *Wapp I*.

    **D.    Wapp's amendment would prejudice Wells Fargo.**

Wapp does not deny Wells Fargo would be required to take new discovery of two new products, from two new third parties, in less than two months. This discovery burden would fall on Wells Fargo, as shown by Wapp's choice not to seek discovery from Google and Apple, relying instead on Wells Fargo's efforts to obtain critical information. Wapp's choice to sue a user rather than manufacturer eliminated any routine nature of this case. Just as with Xcode and Android Studio, Wells Fargo neither develops nor builds the accused ▇▇▇ and ▇▇▇ products. It lacks access to documents or knowledge of the products' internal operation and how, if at all, such operation may correspond to the claims. Given the nature of the accusations, adding two new third-party products would complicate Wells Fargo's development of its defenses and prejudice Wells Fargo by requiring additional discovery, potentially requiring additional witnesses, experts, claim constructions, and invalidity theories.

---

Dkt. 88-3, at 7; Dkt. 88-4, at 4; Dkt. 88-5, at 4; Dkt. 88-6, at 5. Wapp neither cites nor relies on any interrogatory response describing the use of ▇▇▇ or ▇▇▇ in its contentions. *Id.*

Dated: August 2, 2022                                              Respectfully submitted,

                              /s/ *Thomas M. Melsheimer*
                              Thomas M. Melsheimer
Texas State Bar No. 13922550
TMelsheimer@winston.com
Katrina G. Eash
Texas State Bar No. 24074636
KEash@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Elizabeth Danielle T. Williams
North Carolina State Bar No. 23283
DWilliams@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7790
Facsimile: (704) 350-7800

**Attorneys for Defendant
WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been filed electronically and will be served on all counsel of record via email on August 2, 2022.

/s/ *Katrina G. Eash*
Katrina G. Eash

## STATEMENT OF FILING UNDER SEAL

I hereby certify that a Motion to Seal this document was filed concurrently with this document.

/s/ *Katrina G. Eash*
Katrina G. Eash